# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RENNY SALDIVAR,<br><br>Defendant. | 1:15-cr-00249-LJO-BAM<br><br>**ORDER RE MOTION FOR RETURN OF SEIZED ITEMS (ECF NO. 143)** |

The Court has received the Defendant's motion for return of seized items, in which he requests return of all non-contraband evidence seized from him in connection with the underlying events of this case. ECF No. 143. The specific items in question are listed in an evidence inventory attached to Defendant's motion, which includes the following items: U.S. Currency, several DNA swabs, several cellular telephones, an Ipad, two watches, a digital scale, a cell phone charger, a pair of sunglasses, a lock box, a "cylinder-shape[d]" container, and a thumb drive "containing digital data from search warrant affidavit." ECF No. 143, Ex. A. Because Defendant is currently in the custody of the Bureau of Prisons, he requests that all such property be released to his local designee, Lorena Sanchez Bitler. *Id*.

The government's initial opposition indicated consent to the return of the evidence, except for the DNA swabs, digital scale, and thumb drive. ECF No. 144. After the Court requested an explanation of the government's position as to the DNA swabs, digital scale, and thumb drive, ECF No. 146, the United States narrowed its objection to only the thumb drive on the ground that the thumb drive does not belong to Defendant. ECF No. 148. The government indicated it already produced the content of the

1

thumb drive to Defendant but has no objection to copying the content of the thumb drive onto media provided by Defendant and/or an order to destroy the content of the drive. *Id*. However, the government requests that the Court make the effective date of its order on this subject December 15, 2019, or upon the disposition of any motion pursuant to 28 U.S.C. § 2255 ("Section 2255"), whichever is later, as it is the government's position that December 15, 2019, is the day after which any Section 2255 Motion would be due. *Id*.

Plaintiff objects to this condition, arguing that there is no basis in the law for the government to delay returning the property based upon the possibility that a collateral attack position may be filed. ECF No. 150. "[W]hen the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation, . . . [t]he person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). While it is true that the Ninth Circuit has not extended this reasoning to collateral attack proceedings, the government reasonably asserts that the property continues to have evidentiary value so long as there is a possibility that Defendant may challenge his conviction through a Section 2255 petition. *See Sosa-Pintor v. United States*, No. 4:19-CV-033-MAC-CAN, 2019 WL 2273758, at *2 (E.D. Tex. Apr. 22, 2019), *report and recommendation adopted*, No. 4:19CV33, 2019 WL 2267293 (E.D. Tex. May 24, 2019) (denying without prejudice motion for return of property while Section 2255 petition was pending).

Plaintiff argues that, while generally Section 2255 petitions are subject to a one-year statute of limitations, the exceptions to that rule set forth in 28 U.S.C. § 2255(f)(2), (f)(3), and (f)(4), extend the possible time for collateral attack into the future indefinitely. ECF No. 150. Plaintiff suggests that, as a result, the possible filing of a Section 2255 petition cannot reasonably be used to justify continued possession of property by the government, because such possession could likewise extend indefinitely. *Id*. That simply is not the question presented here. The government is asking for a delay through mid-

December 2019 or through the disposition of any 2255 Petition filed within the initial one-year limitations period. This is reasonable and bears no risk of indefinite delay. Therefore, the requested condition will be included in the order.

## **CONCLUSION AND ORDER**

For the reasons set forth above, Defendant's motion for return of property is GRANTED with two exceptions/conditions.

First, the United States need not provide the original thumb drive to Defendant. Rather, Defendant shall provide the United States with appropriate media onto which the content of that drive can be copied. Otherwise, if Defendant declines to provide such media on or before January 15, 2020, the United States may destroy the thumb drive.

Second, the operation of the above order is STAYED until December 15, 2019, or until the disposition of any Section 2255 Petition filed on or before December 15, 2019, whichever is later.

IT IS SO ORDERED.

Dated: **December 4, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE